UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DELL HENDERSON,<br>Petitioner,<br>v.<br>WILLIAM L. MUNIZ, et al.,<br>Respondents. | Case No. 17-03790 EJD (PR)<br>**ORDER OF DISMISAL; DENYING MOTION FOR APPOINTMENT OF COUNSEL AND MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* AS MOOT**<br><br>(Docket Nos. 2 & 6) |

Petitioner, a California inmate, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, raising claims regarding his medical treatment at Salinas Valley State Prison ("SVSP"). Petitioner paid the filing fee. (Docket No. 5.) For the reasons discussed below, the instant petition will be dismissed.

**DISCUSSION**

Petitioner states that the petition is "not regarding criminal proceedings." (Pet. at 3.) Petitioner claims that SVSP medical personnel have "abruptly rescinded [his] ADA rights and safeguards… violating U.S. 14th and 1st and 8th Amendment guarantees." (Id. at 5.)

It is well established in this circuit that "habeas jurisdiction is absent, and a § 1983

action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003). The preferred practice in the Ninth Circuit also has been that challenges to conditions of confinement should be brought in a civil rights complaint. See Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action is proper method of challenging conditions of confinement); Crawford v. Bell, 599 F.2d 890, 891–92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition on basis that challenges to terms and conditions of confinement must be brought in civil rights complaint). Here, Petitioner's claim that prison officials violated his constitutional rights with respect to his medical care, if successful, would not necessarily shorten his sentence. Accordingly, the petition goes entirely to the conditions of his confinement, and success in this action would not necessarily affect the duration of his confinement.

Although a district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as a civil rights action under 42 U.S.C. § 1983, see Wilwording v. Swenson, 404 U.S. 249, 251 (1971), the Court declines to do so here. The difficulty with construing a habeas petition as a civil rights complaint is that the two forms used by most prisoners request different information and much of the information necessary for a civil rights complaint is not included in the habeas petition filed here. Examples of the potential problems created by using the habeas petition form rather than the civil rights complaint form include the potential omission of intended defendants, potential failure to link each defendant to the claims, and potential absence of an adequate prayer for relief.

Additionally, there is doubt whether the prisoner is willing to pay the $350.00 civil action filing fee to pursue his claims. It is not in the interest of judicial economy to allow prisoners to file civil rights actions on habeas forms because virtually every such case, including this one, will be defective at the outset and require additional court resources to deal with the problems created by the different filing fees and the absence of information

on the habeas form.

**CONCLUSION**

For the foregoing reasons, this action for a writ of habeas corpus is DISMISSED without prejudice to Petitioner filing a civil rights action under 42 U.S.C. § 1983, preferably using the court's civil rights complaint form, after he has exhausted California's prison administrative remedies. See 42 U.S.C. § 1997e(a).

Petitioner's motion for leave to proceed in forma pauperis, (Docket No. 6), is DENIED as moot since he paid the filing fee, (Docket No. 5). Petitioner's motion to appoint counsel, (Docket No. 2), is DENIED as moot by the dismissal of this action.

The Clerk is instructed to include two copies of the prisoner civil rights complaint form to Petitioner with a copy of this order.

This order terminates Docket Nos. 2 and 6.

**IT IS SO ORDERED.**

Dated: 10/30/2017

EDWARD J. DAVILA
United States District Judge

Order of Dismissal
P:\PRO-SE\EJD\HC.17\03790Henderson_dism(hc-cr).docx

3